IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| J.H., | ) | No. 78735-7-I |
| Appellant, | ) | DIVISION ONE |
| v. | ) | UNPUBLISHED OPINION |
| STATE OF WASHINGTON, | ) | |
| Respondent. | ) | FILED: July 15, 2019 |

ANDRUS, J. — J.H. challenges his 14-day order of commitment under the Involuntary Treatment Act, RCW ch. 71.05. J.H. contends the trial court erred in allowing the State to call a law enforcement witness by video. We affirm.

FACTS

Sometime after midnight on July 3, 2018, King County Deputy Sheriff Tiffani Bowles-Davis responded to a call of a possible burglary and found J.H., a 36-year-old male, standing in the driveway of a stranger's home. When Bowles-Davis asked J.H. to leave the property, a visibly agitated J.H. walked to the middle of an adjacent street, a three-lane road, and stepped into oncoming traffic as vehicles approached. Bowles-Davis and her partner used their flashlights to slow or stop vehicles to avoid hitting J.H. The officers were concerned for his safety because he was not wearing reflective clothing and he would not respond to their request

to get out of the roadway. At times during their interaction with J.H., he seemed cooperative but then clenched his fist at Bowles-Davis and stated, "[J]ust shoot me right now." Bowles-Davis concluded J.H. did not have "the mental capacity of just a normal individual."

The officers involuntarily detained J.H. and sent him to Highline Hospital for a mental evaluation. J.H. was evaluated by Community Psychiatric Clinic Case Manager Alexander Klee and detained for 72 hours.

On July 6, 2018, Fairfax Hospital filed a petition for 14 days of involuntary treatment, alleging J.H. suffered from a mental disorder that rendered him gravely disabled. On July 9, 2018, the trial court conducted the probable cause hearing. J.H. and his attorney participated in the hearing by television link from Fairfax Hospital.[1] The State called two witnesses, Bowles-Davis, who testified remotely via video, and Corbi Griffith, a Fairfax Hospital mental health counselor.

Before the hearing began, J.H. objected to having Bowles-Davis appear via video. He argued that the State had not demonstrated good cause under compelling circumstances, the CR 43 standard for permitting video testimony of witnesses. The court permitted the video testimony, reasoning that CR 43's good cause standard did not apply to ITA hearings because RCW 71.05.020(24) expressly permits video testimony in these proceedings.

At the conclusion of the hearing, the trial court found that J.H. suffered from a mental impairment that rendered him gravely disabled. The court found Bowles-

---

[1] Under King County Local Mental Proceeding Rule (LMPR) 1.8(b), certain authorized facilities conduct all ITA hearings via this video link. Pursuant to the July 23, 2018 *General Order Authorizing Video Hearings for Involuntary Treatment Act Proceedings*, Fairfax Hospital is one of these authorized hospitals.

Davis credible and, based on her testimony, found that J.H. put himself in an unsafe position on the road and, had the officers not been present to flash their lights and ward off cars, he would likely have been seriously injured. The trial court entered an order of commitment for up to 14 days of inpatient treatment. J.H. appeals.

## ANALYSIS

The sole issue on appeal is whether the trial court erred in concluding that the "good cause in compelling circumstances" standard of CR 43 does not apply to ITA civil commitment proceedings by virtue of RCW 71.05.020(24). Because the issue involves the interpretation of a civil rule and a statute, our review is de novo. Nevers v. Fireside, Inc., 133 Wn.2d 804, 809, 947 P.2d 721 (1997).

CR 43(a)(1) provides:

> In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise directed by the court or provided by rule or statute. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Under the ITA, if a facility files a petition for 14 days of involuntary treatment, the court must hold a "probable cause hearing" within 72 hours of the person's initial detention. RCW 71.05.240(1). During the ITA "hearing:"

> . . . the petitioner, the respondent, the witnesses, and the presiding judicial officer may be present and participate either in person or by video, as determined by the court. The term "video" as used herein shall include any functional equivalent. . . . Witnesses in a proceeding may also appear in court through other means, including telephonically, pursuant to the requirements of superior court civil rule 43.

RCW 71.05.020(24). J.H. contends that RCW 71.05.020(24) should be construed as requiring a showing of "good cause" before a witness may appear by video. We reject this argument as inconsistent with the plain language of the ITA statute. RCW 71.05.020(24) contains no "good cause" requirement for video appearances. In fact, the sentence invoking CR 43 does so only for witnesses who wish to appear "through other means," such as by telephone. The unambiguous language of RCW 71.05.020(24) makes CR 43 applicable only when the remote appearance is *not* by video.

Moreover, the statute explicitly provides that on a showing of "good cause," the court may require any party or witness to appear in person. This statutory framework presumes participation by video; in-person appearances are presumed to be the exception, not the rule. Given that CR 43(a)(1) presumes in-person testimony, the Legislature clearly intended to set out a process for video testimony that is different than that contemplated by court rule.

Although the ITA statute gives the trial court the discretion to decide whether and when to conduct any ITA hearing by video, that discretion is not unfettered. The statute imposes a set of safeguards not explicitly provided for in CR 43:

> At any hearing conducted by video, the technology used must permit the judicial officer, counsel, all parties, and the witnesses to be able to see, hear, and speak, when authorized, during the hearing; to allow attorneys to use exhibits or other materials during the hearing; and to allow respondent's counsel to be in the same location as the respondent unless otherwise requested by the respondent or the respondent's counsel.

RCW 71.05.020(24). And it permits the court to consider, when evaluating a motion for in-person testimony, whether a respondent's alleged mental illness

interferes with his or her ability to participate by video. These additional safeguards further demonstrate the legislative intent that CR 43(a)(1) not apply to ITA hearings.

We conclude, from the text and context of RCW 71.05.020(24), that the ITA statute does not require a showing of "good cause under compelling circumstances" before the trial court may permit a witness to appear by video.

J.H. next argues that if we conclude that the ITA statute and CR 43 are inconsistent, the civil rule must prevail to avoid a separation of powers violation. Under State v. Gresham, 173 Wn.2d 405, 428-29, 269 P.3d 207 (2012), if there are irreconcilable conflicts between court rules and legislative rules, court rules prevail in procedural matters and statutes prevail in substantive ones. But we conclude there is no separation of powers issue at play here. CR 43(a)(1) explicitly contemplates that other rules or statutes may exist that limit its applicability. The rule provides that it governs unless "otherwise . . . provided by rule or statute." In this case, we have a statute that provides for a process not contemplated by CR 43(a)(1) and CR 43 explicitly allows this statutory abrogation.[2]

We conclude that RCW 71.05.020(24) does not require a showing of good cause before a trial court may permit a witness to testify by video at an ITA hearing. We also conclude there is no separation of powers violation because CR 43(a)(1) expressly limits its applicability to situations in which no statutory provision applies.

---

[2] This court requested additional briefing from the parties on what impact, if any, CR 81 has on this appeal. That rule provides that the civil rules apply to all civil proceedings, "[e]xcept where inconsistent with rules or statutes applicable to special proceedings." No court has yet held that ITA proceedings are "special proceedings" within the meaning of CR 81. Both parties argue CR 81 should not impact the outcome of this appeal. We will therefore save for another day the issue of whether CR 81 renders CR 43 inapplicable to ITA hearings.

The trial court did not err in allowing Bowles-Davis to testify at J.H.'s ITA hearing by video.

Affirmed.

WE CONCUR:

Andrus, J.

Leach, J.

Mann, A.C.J.